IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENRIQUE HERRERA RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(B), | § § § § | |
| Plaintiff, | § § | |
| VS. | § § § | Civil Action No. 3:11-CV-2276-D |
| EL POLLO REGIO, INC., et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action for unpaid straight time and overtime wages under the Fair Labor Standards Act ("FLSA"), the court has considered the parties' February 7, 2012 brief and denies their January 12, 2012 agreed motion to file under seal their agreed motion to approve settlement.[*]

"In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Prater v. Commerce Equities Mgmt. Co.,* 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (Rosenthal, J.). "[T]he overwhelming consensus of district courts that have considered the issue [] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

(S.D.N.Y. 2011). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (Rosenthal, J.) (citations and internal quotation marks omitted). The reasons on which the parties rely to seal the present settlement are, in the court's view, too much like those that "have [been] roundly rejected." *Joo*, 763 F.Supp.2d at 648. And they do not satisfy the "extraordinary reason" standard. *Tran*, 2009 WL 2477653, at *1. The court therefore denies the agreed motion to file under seal their agreed motion to approve settlement.

Pending further court order, and because the court has not yet been asked to approve the settlement or received all the necessary submissions, the court grants defendants' request that the agreed motion to approve settlement not be filed (and, presumably, that the sealed version filed on January 12, 2012 not be unsealed).

Defendants request in the alternative that the court conduct a public settlement conference. Plaintiff opposes this alternative request as unnecessary and a waste of resources, although he does not oppose appearing telephonically. The court is willing to consider approving the proposed settlement on the papers (with or without a telephone conference), provided the settlement agreement is filed as a public document and the papers that accompany the settlement agreement contain sufficient information to enable the court to determine that "the settlement reflects a reasonable compromise over issues." *Prater,* 2008 WL 5140045, at *2 (citations and internal quotation marks omitted). "Th[e] court [must be able to] review[] the settlement agreement and find[] that the amount to be paid to [the] plaintiff is fair and reasonable." *Id.* "Th[e] court [will] approve[] the proposed settlement [if it represents] a fair and reasonable compromise of a bona fide dispute under the FLSA." *Id.*

Accordingly, the court will await the public filing of the papers necessary to approve the proposed settlement. That filing may request an in-court hearing, a telephone conference (of which a transcript will be made by the court reporter), or approval on the papers alone.

**SO ORDERED**.

February 23, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE